**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JUDITH COUSART, CHRISTOPHER COUSART | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 22-4900 |
| | : | |
| STATE FARM FIRE AND CASUALTY COMPANY | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                                          **January 31, 2023**

Homeowners purchased an insurance policy in which they agreed to sue their insurer for denying a claim within one year of their damage. They made a claim for losses under their insurance policy. Their insurer reviewed the claim but did not promptly pay their demand in full under an agreed appraisal process. So the homeowners sued their insurer within the contractually-required one year for breach of their insurance contract and a claim of statutory bad faith. The insurer would not agree to toll the litigation while they continued to resolve their claim dispute. The insured, among other conclusory allegations, claimed the insurer's requirement the parties proceed with litigation violates Pennsylvania's bad faith statute. The insurer now moves to dismiss the bad faith claim as lacking specific facts and the homeowners cannot base a bad faith claim on the parties' agreement to bring suit within a year of the claim and to then not stay the case.

We agree with the insurer. The homeowners fail to plead specifics of bad faith beyond an alleged breach of contract. The homeowners do not plead a single fact allowing us to find the insurer's decision not to toll or stay the litigation could be bad faith. We dismiss the homeowners' conclusory claims for bad faith without prejudice. We decline to stay the claim pending the insurer's continuing review.

I.      **Alleged facts material to the bad faith claim.**

Judith and Christopher Cousart insure their home under terms of an insurance policy they purchased from State Farm Fire and Casualty Company.[1] The Cousarts agreed in their insurance policy, among other things, to file suit challenging a delay or denial of insurance proceeds within one year of their harm.

Wind and storm damage allegedly caused physical loss and damage to the Cousarts' home on September 1, 2021.[2] The Cousarts told State Farm of the alleged loss and demanded payment under the insurance policy.[3] The Cousarts asked State Farm to appraise the property damage before their policy's one year limitations period.[4] State Farm refused to pay the loss in the requested timeframe. State Farm took over one year to evaluate the Cousarts' claim.[5]

The Cousarts then filed a writ of summons in Pennsylvania state court on August 30, 2022 – one day shy of the one year limitations period in their insurance policy. They allege State Farm breached their insurance contract and acted in bad faith under Pennsylvania's bad faith statute.[6] The Cousarts allege State Farm acted in bad faith by: "(a) in failing to complete a prompt and thorough investigation of Plaintiff's claim; (b) in failing to objectively and fairly evaluate Plaintiff's claim for over one year after Plaintiff's date of loss; in acting unreasonably and unfairly in response to Plaintiff's claim, including, but not limited to, requiring Plaintiff to incur costs of litigation and cost of an umpire in appraisal simultaneously; (d) in unnecessarily and unreasonably compelling Plaintiff to institute this lawsuit to obtain policy benefits for a covered loss, that Defendant should have paid promptly and without the necessity of litigation; (e) in forcing Plaintiff to incur litigation fees and expenses knowing that the initial Writ of Summons was filed solely for the purpose of preserving the statute; (f) in forcing Plaintiff to incur litigation fees and expenses knowing that the claim is in the process of being resolved through appraisal; (g) in refusing to toll

the statute or otherwise limit Plaintiff's litigation expenses without reasonable basis in fact or law."[7]

State Farm denies acting in bad faith, forcing the Cousarts to initiate litigation, and acting in bad faith by refusing to toll the statute of limitations or agreed to stay progress in this case.[8] The Cousarts respond they sufficiently pled a bad faith claim, request leave to amend their Complaint, and ask we stay the bad faith claim.[9] We agree with State Farm and dismiss the bad faith claim without prejudice should discovery allow the Cousarts to plead facts allowing us to plausibly infer statutory bad faith.

## II.     Analysis

State Farm moves to dismiss the Cousarts' statutory bad faith claim.[10] State Farm denies forcing the Cousarts to file this case and denies acting in bad faith by refusing to toll the statute of limitations or stay progress in this case.[11] The Cousarts respond they pled a factually plausible bad faith claim.[12] The Cousarts also seek leave to amend (for a third time) and stay the bad faith claim.[13] We grant State Farm's Motion without prejudice. The Cousarts failed to sufficiently plead State Farm acted in bad faith. They may find evidence in discovery of bad faith and may move for leave to amend under Rule 15. But they have not plead a bad faith claim yet.

### A.  The Cousarts do not plead facts allowing us to infer bad faith.

State Farm moves to dismiss the Cousarts' bad faith claim under Federal Rule of Civil Procedure 12(b)(6).[14] The Cousarts contend they pled a sufficient bad faith claim under Federal Rule of Civil Procedure 8. The Cousarts allege State Farm is "actively forcing [the Cousarts] to continue to incur unnecessary litigation costs[.]"[15] The Cousarts argue they "provid[ed] details above and beyond what is required by F.R.C.P. 8(a)."[16]

We first note the elements of the Cousarts' bad faith claim. The Pennsylvania General Assembly prohibits insurers from "act[ing] in bad faith toward the insured."[17] The Pennsylvania General Assembly enacted the statute "to provide a statutory remedy to an insured when the insurer denied benefits in bad faith."[18] The General Assembly wanted to protect "its own residents/insured from overreaching insurance companies" and passed the statute "as part of a comprehensive insurance bill" thus "there is no legislative history."[19] "Bad faith on [the] part of [an] insurer is any frivolous or unfounded refusal to pay proceeds of a policy[.]"[20] To recover on a bad faith claim, the Cousarts are required to show by clear and convincing evidence: "(1) the defendant insurer did not have a reasonable basis for denying the policy benefits; and (2) [ ] the insurer knew or recklessly disregarded its lack of reasonable basis when it denied the claim."[21]

We "recognize[] an inherent difficulty in pleading facts regarding the internal claims-processing procedures of insurers[.]"[22] But insureds must at least "allege the limited facts of which they are aware, including but not limited to: the nature of the correspondence with the insurance company; details of how the negotiations, if any, proceeded; and more detailed allegations supporting claims of injury necessitating benefits."[23]

We next identify allegations not entitled to the presumption of truth. We must "disregard threadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements."[24] An allegation is conclusory if it "embodies a legal point."[25] In the bad faith context, allegations are conclusory if they simply allege the insurer did not have "a reasonable basis for denying benefits under the policy" or "knew or recklessly disregarded its lack of a reasonable basis in denying the claim."[26]

The Cousarts have not plead the most rudimentary of facts which could allow them to proceed on a bad faith claim. We are persuaded by Judge Jones's analysis in *Clapps v. State Farm*

4

*Insurance Company*.[27] The insured's complaint "contain[ed] nothing more than 'bare-bones conclusory allegations that d[o] not provide a factual basis for an award of bad faith damages.'"[28] The insured notified the insurer of property damage and the insurer refused to pay for the damages.[29] The insured alleged the insurer "fail[ed] to complete a prompt and thorough investigation of Plaintiff's claim"[30] Judge Jones highlighted the insured did not include facts "relat[ing] to the alleged delay, such as the length of time that passed between the date when Plaintiff notified defendant of [her] claims and the date that Defendant responded to them."[31] Judge Jones also found the insured pled "a verbatim copy of the allegations" from complaints found in other cases.[32]

Judge Slomsky's analysis in *MBMJ Properties v. Millville Mutual Insurance Company* is also persuasive.[33] Judge Slomsky found the insured's complaint "lack[ed] the requisite factual support to state a plausible claim of bad faith under § 8371[.]"[34] The insured in *MBMJ Properties* alleged the insurer "fail[ed] to complete a prompt and thorough investigation of [the insured] claim before representing that such claim is not covered under the Policy", "fail[ed] to objectively and fairly evaluate Plaintiff's claim", "act[ed] unreasonably and unfairly in response to Plaintiff's claim", "unnecessarily and unreasonably compell[ed] Plaintiff to institute this lawsuit to obtain policy benefits for a covered loss, that Defendant should have paid promptly and without the necessity of litigation", and a myriad of other allegations.[35] Judge Slomsky reasoned the insured's complaint "lack[ed] plausibility" and did not include "'specific' allegations of [the insurer's] bad faith conduct."[36]

We dismiss bad faith claims when an insured's complaint fails to include facts describing "who, what, where, when, and how the alleged bad faith occurred."[37] For example in *Sowinski v. New Jersey Manufacturers Insurance Company*, Judge Mehalchick reasoned the insured pled

5

conclusory and identical allegations drawn from complaints in other cases which "do nothing more than conclusorily allege that, in 29 different ways, [the insurer] acted in bad faith."[38]

We understand an insured's possible difficulty with pleading sufficient facts of the insurer's state of mind to establish a bad faith claim. We appreciate our colleague's reasoning in *1009 Clinton Properties v. State Farm Fire & Casualty Company* involving similar allegations filed by the same counsel. [39] Our colleague deferred to general allegations because: (1) "[b]ad faith claims are inherently intertwined with breach of insurance contract claims"; (2) moving bad faith claims to the discovery phase places "no greater burden on the parties" because if the insurer "did not act in bad faith, then it can move to dismiss the bad faith claim at summary judgment"; (3) bad faith claims and breach of contract claims are intertwined and "put the [insurer] on notice as to what it needs to defend against"; and (4) "[b]ad faith claims . . . require less factual explication."[40]

We respectfully disagree with this reasoning as applied to the Cousarts' allegations. We agree with Judge Jones's reasoning in *Clapps* recognizing the *1009 Clinton Properties* ruling is not a pathway for "all future plaintiffs [to] simply parrot the exact same allegations in order to survive a motion to dismiss."[41] We cannot look past the absence of any facts of bad faith beyond a breach of contract. The Cousarts do not offer dates of delay or any type of conduct other than a breach of contract. We agree with the reasoning in *1099 Clinton Properties* as to the close correlation between a bad faith claim and contract claim. But they are not the same. An insured cannot simply plead the same facts to plead a breach of contract and a bad faith claim. No one offers authority suggesting the General Assembly codified a breach of contract as bad faith in Pennsylvania. The Cousarts may adduce information in discovery but we cannot find facts supporting a breach of contract claim also automatically state a bad faith claim.

We can also draw a distinction with the specific pleading which persuaded Judge Baylson to not dismiss a bad faith claim against a property insurer this week in *Pham v. Allstate Insurance Company*.[42] The homeowners claimed their property insurer acted in bad faith following wind and storm damage to their home on the same day as the Cousarts (September 1, 2021). The homeowners in *Pham*, unlike the Cousarts, alleged thirty paragraphs of an insurer's potential bad faith conduct with the dates of each contact, responses, revised estimates, and specific language from each communication.[43] Judge Baylson found these specific allegations could proceed into discovery.

We instead review boilerplate legal conclusions about State Farm's bad faith addressing the Cousarts' claim. For example, the Cousarts broadly allege State Farm "fail[ed] to complete a prompt and thorough investigation of [their] claim", "fail[ed] to objectively and fairly evaluate [their] claim for over one year after [their] date of loss", and "unnecessarily and unreasonably compell[ed] [them] to institute this lawsuit to obtain policy benefits for a covered loss, that [State Farm] should have paid promptly and without the necessity of litigation[.]"[44] The Cousarts claim their allegations "are undoubtedly not conclusory allegations or 'bare-bones' insinuations" and "are specifically tailored to [State Farm's] actions in the immediate case."[45] But these are allegations identical to those plead in *Clapps, MBMJ Properties,* and *1009 Clinton Properties*. The complaints in these three cases are verbatim and highlight "the complete lack of factual content alleged . . . as [the insured's] bad faith allegations are simply a verbatim copy of the allegations from that complaint."[46]

The Cousarts failed to plead facts describing "who, what, where, when, and how the alleged bad faith occurred."[47] The Cousarts point to facts such as "incurr[ing] the cost to appoint an umpire to proceed through the appraisal process" and "fil[ing] a Writ of Summons to preserve the statute

7

of limitations after [State Farm] refused to voluntarily toll it."[48] These allegations do not detail facts "relat[ing] to the alleged delay, such as the length of time that passed between the date when Plaintiff notified defendant of [her] claims and the date that Defendant responded to them."[49]

"Delay is a relevant factor in determining whether bad faith has occurred[.]"[50] But "[a]n insurer's delay in settling a claim 'does not, on its own, necessarily constitute bad faith.'"[51] A "mere allegation that Plaintiffs provided documentation and Defendant has failed to make a reasonable settlement offer . . . does not support an inference of bad faith without additional factual support such as the complexity of the claim and the time [which] passed between the date Plaintiffs supplied the necessary information and the date the complaint was filed."[52]

An insured must allege dates of the delay to prove whether bad faith occurred. Judge Jones's reasoning in *Amica Mutual Insurance Company v. Das*, is persuasive. Judge Jones granted an insurer's motion to dismiss after the insured failed "to state a plausible bad faith claim."[53] Judge Jones reasoned the insured "failed to set forth 'the dates of any actions' taken regarding the claim to support their allegation of unreasonable delay."[54] We must also focus on the reasonableness of an insurer's delay.[55] For example, in *Green v. State Farm Mutual Automobile Insurance Company*, Judge Conner found the insurer taking "less than five months from the formal demand" is not bad faith.[56]

We dismiss the Cousarts' bad faith claim because they provide no "additional factual support" regarding State Farm's delay in handling their claim. The Cousarts plead State Farm "fail[ed] to objectively and fairly evaluate [their] claim for over one year after Plaintiff's date of loss."[57] Like the insured in *Amica Mutual Insurance Company*, the Cousarts do not plead specific dates allowing us to plausibly infer State Farm's delay. The Cousarts' vague claim of "over one year" does not meet the standard in *Iqbal* and *Twombly*. The Cousarts do not plead facts about

their benefits claim. The Cousarts do not plead when they submitted a claim to State Farm, how long State Farm took to respond, or if State Farm provided them with a settlement offer. The Cousarts do not plead the basic fact of "the amount of months the insurer delayed" in responding to their claim. The Cousarts only allege State Farm caused the delay by filing multiple pleadings which took State Farm's time away from the appraisal process.[58] We cannot infer bad faith simply because State Farm took over a year to evaluate their claim.

The Cousarts simply plead types of ways an insurer might commit bad faith without pleading how *this* insurer committed bad faith. Our colleagues overwhelmingly disregard conclusory bad faith allegations like the Cousarts' allegations.[59] We follow and disregard these allegations as legal conclusions.

> **B. The Cousarts fail to plead bad faith based on their agreement to file suit within one year of the damage or State Farm seeking to progress in the case.**

The Cousarts' most specific allegation of bad faith is State Farm acted in bad faith by delaying payment in forcing them to sue to retrieve their policy benefits. The Cousarts plead State Farm "fail[ed] to objectively and fairly evaluate [their] claim for over one year after Plaintiff's date of loss[.]"[60] The Cousarts failed to plead sufficient facts establishing how State Farm forced them to file this case. The Cousarts agreed to file suit within one year. State Farm is not acting in bad faith based solely on a theory the Cousarts' agreed to sue within one year.

The Cousarts then allege State Farm acted in bad faith by "refusing to toll the statute or otherwise limit Plaintiff's litigation expenses without reasonable basis in fact or law."[61] The Cousarts suggest State Farm is acting in bad faith by not extending the statute of limitations to assist the Cousarts with this lawsuit. State Farm contends they are "abid[ing] by the terms of the insurance policy contract to which the parties agreed[.]"[62]

We find the Cousarts did not plead State Farm acted in bad faith by refusing to toll the statute of limitations. "[A] *tolling* agreement would only *delay* matters further" and prevent the Cousarts from quickly receiving payment.[63] Judge Moore's reasoning in *Villa Maison Homeowners Association, Inc. v. Owners Insurance Co* is persuasive.[64] Judge Moore found the insured's complaint to contain conclusory allegations which did not "construe a plausible claim" of bad faith.[65] The insurer issued an insurance policy with a "two-year period to file a lawsuit against [the insurer]."[66] The insured hired a third-party to evaluate and assist with the claim after the property suffered damage.[67] The third-party issued a tolling agreement to the insurer, however the insurer "refused to sign."[68] The insured filed a complaint alleging unreasonable delay and bad faith by the insurer.[69] Judge Moore found the two claims unnecessary and blamed the insured for the delay.[70] Judge Moore found the insured's claim of the insurer "declin[ing] to sign a tolling agreement" as irrelevant.[71]

We are also persuaded by Judge Davis's reasoning in *Westport Insurance Corporation v. Stevens & Lee, P.C. William W. Uchimoto*.[72] The suit arises from the "rescission of an insurance contract."[73] The insurer issued an insurance policy to the insured.[74] The insurer rescinded the policy after learning about the alleged misrepresentations.[75] The insured filed a bad faith counterclaim for the filing of a declaratory judgment without informing the insured and refusing to extend the tolling agreement.[76] Judge Davis found the insured "fail[ed] to allege sufficient facts to indicate bad faith."[77] Judge Davis reasoned insurers have a duty to insureds, but they are "not bound to submerge [their] own interest in order that the insured's interest be made paramount[.]"[78] Judge Davis also reasoned "[a]ggressive protection of an insurer's interests is not bad faith."[79]

Like Judge Moore, we agree a tolling agreement would only delay matters further. The Cousarts filed this suit to quickly retrieve payment from State Farm. State Farm agreeing to toll

10

the statute of limitations makes this process even longer. Like Judge Davis, we agree State Farm has a duty to the Cousarts, but they also have a right to protect their own interests. By refusing to toll the statute of limitations, State Farm is protecting its own interest like the insurer in *Westpoint Insurance Corporation*, and it is also abiding by the contract terms. The contract between State Farm and the Cousarts provides a one-year limitations period.[80] State Farm is simply complying with the terms of the contract. State Farm did not act in bad faith by refusing to toll the statute of limitations.

### C. We decline to stay while State Farm continues its review.

The Cousarts ask we stay their bad faith claim to allow State Farm to continue its review. We decline to do so. The Cousarts may take discovery and proceed consistent with Rule 15 if the adduced discovery warrants a good faith pleading of State Farm's statutory bad faith. The Cousarts' request suggest even they recognize their bad faith allegations may be premature.

We are persuaded by Judge Leeson's reasoning in *Wagner v. Allstate Insurance Company*.[81] The insured collided with another vehicle and settled their claim.[82] The insured asked the insurer for additional payment.[83] The insured and the insurer could not reach an agreement which prompted the insured to file a breach of contract and bad faith claim.[84] The insured requested the court to stay the bad faith proceedings.[85] Judge Leeson declined to exercise his "discretion to stay the [insured's] bad faith claim" because "[s]taying . . . does little to serve the interests of convenience, economy, or expedition."[86] Judge Leeson also found a "sizeable majority of the federal district courts in Pennsylvania [] have refused to stay bad faith claims against insurers until the underlying coverage claims can be resolved."[87]

Like Judge Leeson, we see no benefit of staying the claim. The Cousarts request the stay to allow State Farm to complete the appraisal process.[88] But State Farm's delay in the appraisal

11

process is the reason why the Cousarts filed this Complaint in the first place. We agree "[s]taying . . . does little to serve the interests of convenience, economy, or expedition."⁸⁹ We are aware of the Cousarts' concerns with State Farm's delay but believe staying the case will hinder resolution. We deny the Cousarts' request to stay.

### III. Conclusion

The Cousarts fail to allege facts allowing us to reasonably infer State Farm acted in bad faith. We grant State Farm's motion to dismiss the bad faith claim without prejudice.

---

¹ ECF Doc. No. 11 ¶ 5.

² *Id.* ¶ 6.

³ *Id.* ¶ 7.

⁴ *Id.* ¶ 8.

⁵ *Id.* ¶ 718(b).

⁶ ECF Doc. No. 11; *see* 42 Pa. C.S. § 8371.

⁷ ECF Doc. No. 11 ¶ 18.

⁸ ECF Doc. No. 19 ¶¶ 15–21.

⁹ ECF Doc. No. 21.

¹⁰ 42 Pa. C.S. § 8371.

¹¹ ECF Doc. No. 19.

¹² ECF Doc. No. 21.

¹³ *Id.*

¹⁴ A complaint must state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The purpose of Rule 12(b)(6) is to test the sufficiency of the factual allegations in a complaint. *Sanders v. United States*, 790 F. App'x 424, 426 (3d Cir. 2019). If a plaintiff is unable to plead "enough

facts to state a claim to relief that is plausible on its face," the court should dismiss the complaint. *Id*. (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Kajla v. U.S. Bank Nat'l Ass'n as Tr. for Credit Suisse First Boston MBS ARMT 2005-8*, 806 F. App'x 101, 104 n.5 (3d Cir. 2020) (quoting *Warren Gen. Hosp. v. Amgen Inc*., 643 F.3d 77, 84 (3d Cir. 2011)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Klotz v. Celentano Stadtmauer and Walentowicz LLP*, 991 F.3d 458, 462 (3d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). While "[t]he plausibility standard is not akin to a 'probability requirement,'" it does require the pleading show "more than a sheer possibility … a defendant has acted unlawfully." *Riboldi v. Warren Cnty. Dep't of Human Servs. Div. of Temp. Assistance & Soc. Servs*., 781 F. App'x 44, 46 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678). "A pleading that merely 'tenders naked assertion[s] devoid of further factual enhancement' is insufficient." *Id*. (quoting *Iqbal*, 556 U.S. at 668).

In determining whether to grant a Rule 12(b)(6) motion, "we accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the plaintiff" but "disregard threadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements." *Robert W. Mauthe, M.D., P.C. v. Spreemo, Inc.*, 806 F. App'x 151, 152 (3d Cir. 2020) (quoting *City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872, 878–79 (3d Cir. 2018)). Our Court of Appeals requires us to apply a three-step analysis to a 12(b)(6) motion: (1) we "'tak[e] note of the elements a plaintiff must plead to state a claim'"; (2) we "identify allegations that … 'are not entitled to the assumption of truth' because those allegations 'are no more than conclusion[s]'"; and, (3) "'[w]hen there are well-pleaded factual allegations,' we 'assume their veracity' … in addition to assuming the veracity of 'all reasonable inferences that can be drawn from' those allegations … and, construing the allegations and reasonable inferences 'in the light most favorable to the [plaintiff]…, we determine whether they 'plausibly give rise to an entitlement to relief.'" *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 904 (3d Cir. 2021) (internal citations omitted); *Connelly v. Lane Constr. Corp*., 809 F.3d 780, 787 (3d Cir. 2016).

[15] ECF Doc. No. 21 at15.

[16] *Id*.

[17] 42 Pa. C.S.A. § 8371.

[18] *O'Donnell ex rel. Mitro v. Allstate Ins. Co*., 734 A.2d 901, 906 (Pa. Super. Ct. 1999).

[19] *Celebre v. Windsor Mount Joy Mut. Ins. Co*., No. 93-5212, 1994 WL 13840, at *2 (E.D. Pa. Jan. 14, 1994); *Younis & Co. v. CIGNA Worldwide Ins. Co.*, 899 F.Supp. 1385, 1396 (E.D. Pa. 1995).

[20] *Amica Mut. Ins. Co. v. Fogel*, 656 F.3d 167, 179 (3d Cir. 2011) (quoting *Terletsky v. Prudential Prop. & Cas. Ins. Co*., 649 A.2d 680, 688 (Pa. Super. 1994)(citing Black's Law Dictionary 139 (6th ed. 1990)).

[21] *Camp v. N.J. Mfrs. Ins. Co.*, No. 16-1087, 2016 WL 3181743, at *4 (E.D. Pa. June 8, 2016) (citing *Keefe v. Prudential Prop. & Cas. Ins. Co.*, 203 F.3d 218, 225 (3d Cir. 2000)).

---

[22] *Rickell v. USAA Cas. Ins. Co.*, No. 18-1279, 2018 WL 5809865, at *4 (M.D. Pa. Nov. 6, 2018).

[23] *Id.* (internal citations omitted).

[24] *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 904 (3d Cir. 2021) (quoting *James v. City of Wilkes-Barre*, 700 F.3d 675, 681 (3d Cir. 2012)).

[25] *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 790 (3d Cir. 2016).

[26] *Allen v. State Farm Mut. Auto. Ins. Co.*, No. 14-7367, 2015 WL 1072968, at *3 (E.D. Pa. Mar. 12, 2015) (quoting *Post v. St. Paul Travelers Ins. Co.*, 691 F.3d 500, 522 (3d Cir. 2012)).

[27] *Clapps v. State Farm Ins. Comp.'s*, 447 F. Supp. 3d 293, 298–300 (E.D. Pa. 2020).

[28] *Id.* (quoting *Mozzo v. Progressive Ins. Co.*, No. 14-5752, 2015 WL 56740, at *2 (E.D. Pa. Jan. 5, 2015).

[29] *Id.* at 296.

[30] *Id.* at 300.

[31] *Id.*

[32] *Id; see also Mills v. Allstate Ins. Co.,* No. 15-4824, 2015 WL 5707303, at *2 (E.D. Pa. Sept. 29, 2015) (finding insured's bad faith complaint consisted of "simply 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'").

[33] *MBMJ Properties, LLC v. Millville Mut. Ins. Co.*, No. 18-5071, 2019 WL 1651667, at *1 (E.D. Pa. Apr. 17, 2019).

[34] *Id.* at *5.

[35] *Id.* at *1–2.

[36] *Id.* at *6.

[37] *Mattia v. Allstate Ins. Co.*, No. 14-2099, 2014 WL 2880302, at *4 (E.D. Pa. June 24, 2017) (reasoning insured's complaint "failed to 'describe who, what, where, when, and how the alleged bad faith conduct occurred.'"); *see also Rosenberg v. Amica Mut. Ins. Co.*, No. 18-406, 2018 WL 4944396, at *3 (W.D. Pa. July 12, 2018) (holding insured's complaint "must specifically include facts to address 'who, what, where, when, and how the alleged bad faith conduct occurred.'").

[38] *Sowinski v. NJ Mfrs. Ins. Co.*, No. 17-2352, 2018 WL 4002994, at *3 (M.D. Pa. Aug. 22, 2018).

---

[39] The Cousarts mistakenly cite us as authoring *1009 Clinton Properties*. *See* ECF Doc. No. 21 at 17. Judge Kenney addressed these issues in *1009 Clinton Properties*. The Cousarts' counsel also represented the insureds in *1009 Clinton Properties*.

[40] *Id.*

[41] *Id.*; *see also Shetayh v. State Farm Fire & Cas. Co.*, No. 20-693, 2020 WL 1074709, at *3 (E.D. Pa. Mar. 6, 2020) (stating *1009 Clinton Properties* is "the outlier, not the standard."); *see also Cappuccio v. State Farm Fire & Cas. Ins. Co.,* No. 19-3025, 2020 WL 2307340, at *4 (E.D. Pa. May 8, 2020) (highlighting "the [insured's] bad faith allegations are *identical* to those in numerous other cases.").

[42] No. 22-4601, 2023 WL 1102335, at *1 (E.D. Pa. Jan. 30, 2023).

[43] Complaint, No. 22-4601 (E.D.Pa.), ECF Doc. No. 1-5, ¶ 13 1) – 30).

[44] ECF Doc. No. 11 ¶ 18(a), (b), (d).

[45] ECF Doc. No. 21 at 17.

[46] *Clapps*, 447 F. Supp. 3d at 300.

[47] *Mattia*, 2014 WL 2880302, at *4 (internal quotations omitted).

[48] ECF Doc. No. 21 at 17.

[49] <u>*Clapps*</u>, 447 F. Supp. 3d at 300.

[50] *Kosierowski v. Allstate Ins. Co.*, 51 F. Supp. 2d 583, 588 (E.D. Pa. 1999), *aff'd*, 234 F.3d 1265 (3d Cir. 2000).

[51] *Great Lakes Reinsurance (UK) PLC v. Stephens Garden Creations, Inc.*, 119 F. Supp. 3d 297, 306 (E.D. Pa. 2015) (quoting *Kosierowski*, 51 F. Supp. 2d at 588).

[52] *Rickell*, 2018 WL 5809865, at *4.

[53] *Amica Mut. Ins. Co. v. Das*, No. 18-1613, 2018 WL 6435332, at *3 (E.D. Pa. Dec. 7, 2018).

[54] *Id.*

[55] *Meyers v. Protective Ins. Co.*, No. 16-1821, 2017 WL 386644, at *7 (M.D. Pa. Jan. 27, 2017) (holding "an insurance company's investigation of a claim lasting three-and-a-half months" is not bad faith).

[56] *Green v. State Farm Mut. Auto. Ins. Co.*, No. 20-1534, 2021 WL 1964608, at *4 (M.D. Pa. May 17, 2021).

---

[57] ECF Doc. No. 11 ¶ 18(b).

[58] ECF Doc. No. 21.

[59] *See, e.g.*, *Camp v. N.J. Mfrs. Ins. Co.*, No. 16-1087, 2016 WL 3181743, at *4–5 (compiling cases and dismissing bad faith claim premised on boilerplate allegations like the Cousarts' claims); *see also, e.g.*, *Dayton v. Auto. Ins. Co. of Hartford, Conn.*, No. 20-1833, 2021 WL 5163221, at *4–5 (M.D. Pa. Nov. 5, 2021); *Rickell*, 2018 WL 5809865, at *5 (M.D. Pa. Nov. 6, 2018); *Canizares v. Hartford Ins. Co.*, No. 16-1465, 2016 WL 3027766 (E.D. Pa. May 27, 2016); *Soldrich v. State Farm Fire & Casualty Co.*, No. 15-1438, 2015 WL 75684452 (E.D. Pa. Nov. 25, 2015); *Allen v. State Farm Mut. Auto. Ins. Co.*, No. 14-7367, 2015 WL 1072968, at *3 (E.D. Pa. Mar. 12, 2015).

[60] ECF Doc. No. 11 ¶ 18(b).

[61] *Id.* ¶ 18(g).

[62] ECF Doc. No. 19 ¶ 21.

[63] *Villa Maison Homeowners Ass'n, Inc. v. Owners Ins. Co.,* No. 17-1542, 2018 WL 11182673, at *1 (D. Colo. July 9, 2018) (italics in original).

[64] *Id.* at *3.

[65] *Id.* at *4.

[66] *Id.* at *1.

[67] *Id.*

[68] *Id.* at *2.

[69] *Id.*

[70] *Id.*

[71] *Id.* at *3.

[72] *Westport Ins. Corp. v. Stevens & Lee, P.C., William W. Uchimoto*, No. 16-937, 2016 WL 9775023, at *1 (E.D. Pa. June 30, 2016).

[73] *Id.* at *1.

[74] *Id.*

[75] *Id.*

---

[76] *Id.* at *3.

[77] *Id.*

[78] *Id.* at *3 (quoting *Hyde Athletic Indus., Inc. v. Cont'l Cas. Co.*, 969 F. Supp. 289, 307 (E.D. Pa. 1997)).

[79] *Id.* at *3 (quoting *Post v. St. Paul Travelers Ins. Co.*, 691 F.3d 500, 524 (3d Cir. 2012)).

[80] ECF Doc. No. 11 ¶ 8.

[81] *Wagner v. Allstate Insurance Company*, No. 14-7326, 2016 WL 233790, at *1 (E.D. Pa. Jan. 19, 2016).

[82] *Id.*

[83] *Id.*

[84] *Id.*

[85] *Id.* at *1–2.

[86] *Id.* at *4.

[87] *Id.*

[88]  ECF Doc. No. 21 at 19–20.

[89] *Wagner*, 2016 WL 233790, at *4.